IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE V. CHAVEZ and PAUL F. WEINBAUM,

    Plaintiffs,

vs.                                                       Civ. No. 03-1043 JP/LAM

LAS CRUCES PUBLIC SCHOOLS;
LOUIS MARTINEZ as Superintendent
of the Las Cruces Public Schools; and
CHARLES DAVIS, LEONEL BRISENO;
GENE GANT, JOHN SCHWEBKE, and
SHARON WOODEN as School Board Members
of the Las Cruces Public Schools.

    Defendants.

## MEMORANDUM OPINION AND ORDER

On December 18, 2003, the *pro se* Plaintiffs filed a Motion for Change of Venue (Doc. No. 14). Having reviewed the briefs and relevant law, the Court determines that the Plaintiffs' Motion for Change of Venue should be denied and Defendants' request for reasonable attorney's fees incurred in responding to the Plaintiffs' Motion for Change of Venue should be denied.

A. Background

This is a First Amendment civil rights action brought under 42 U.S.C. §1983. The Plaintiffs allege that the Defendants violated the Establishment Clause of the United States Constitution by portraying three crosses on the Las Cruces Public Schools' maintenance vehicles, allowing a statue incorporating three crosses to adorn the grounds of the Las Cruces Public Schools' Sports Complex, and by having a school policy which allows the Las Cruces Public Schools to portray three crosses on its maintenance vehicles and incorporate three crosses in its statuary. The Plaintiffs seek only injunctive relief.



The Initial Pretrial Report (Doc. No. 12), filed December 16, 2003, sets the jury trial in Las Cruces, New Mexico. The Plaintiffs oppose having the jury trial in Las Cruces for two reasons. First, the Plaintiffs contend that the publicity of this case has caused the general public in Las Cruces to react hostilely towards them. Second, the Plaintiffs contend that they would not be able to obtain a fair and objective jury because "[t]he cultural base of this geographical area is historically and forevermore tied to the symbols displayed by the Las Cruces Public Schools." Motion for Change of Venue at 2. The Defendants argue that the Plaintiffs' Motion for Change of Venue is frivolous and request the Court to award them reasonable attorney's fees incurred in responding to the Plaintiffs' Motion for Change of Venue. In replying to the Defendants' response brief, the Plaintiffs ask the Court to grant them a monetary award to compensate them for the time and expenses they incurred with respect to bringing their Motion for Change of Venue.

B. Discussion

    1. 28 U.S.C. §1404(c)

28 U.S.C. §1404(c) provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending." In the case of the District of New Mexico, there are no divisions. Consequently, the Court interprets §1404(c) to apply to any civil action to be tried within the District of New Mexico. *See Busey v. Board of County Com'rs of County of Busey v. Board of County Com'rs of County of Shawnee, Kan.*, 210 F.R.D. 736, 737 (D. Kan. 2002)(applying §1404(c) to Kansas which has only one federal judicial district and no divisions). "When considering requests for intra-district transfer, the court looks to the factors relevant to

change of venue motions pursuant to 28 U.S.C. §1404(a)."¹ *Id.* (citations omitted). In making a §1404(a) determination, the court considers "the plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the possibility of obtaining a fair trial, and 'all other considerations of a practical nature that make a trial easy, expeditious and economical.'" *Id.* (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515-16 (10th Cir. 1991)). Generally, cases are not transferred between cities unless there are very compelling reasons to do so. *Id.* (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)). The moving party has the burden of proving that the existing forum is inconvenient. *Id.* (citing *Scheidt*, 956 F.2d at 965).

The parties, the assigned Magistrate Judge, Defendants' counsel, the witnesses, and the sources of proof are located in Las Cruces. As a practical matter, Las Cruces is the most appropriate city in which to hold the trial. Moreover, the Plaintiffs' concerns about an unfair jury pool are unfounded. The United States District Court in Las Cruces does not limit the jury pool to Doña Ana County residents. The jury pool consists of potential jurors from Catron, Hidalgo, Luna, Grant, Sierra, and Otero counties.

> The fact that this Court draws from such a wide variety of counties should sufficiently dilute any potential bias in the jury pool; any remaining questions of bias regarding potential jurors may be dealt with in voir dire. Further, the Constitution does not require that a case be tried by a panel of jurors with no previous knowledge of the events involved. Rather, 'it is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court.'

*Id.* at 738 (citations omitted). Considering the totality of the §1404(a) factors, the Court

---

¹Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

concludes that the Plaintiffs have failed to carry their burden of proving that very compelling reasons exist to justify an intra-district transfer of the trial to a city other than Las Cruces.

2. The Parties' Requests for Attorney's Fees or Monetary Compensation

Considering the Plaintiffs' *pro se* status, the Court finds that the Plaintiffs' Motion for Change of Venue is not patently frivolous. Accordingly, the Court denies the Defendants' request for an award of reasonable attorney's fees. Moreover, since the Plaintiffs did not prevail on their Motion for Change of Venue, the Court finds that the Plaintiffs are not entitled to any kind of award for bringing the Motion for Change of Venue.

IT IS ORDERED that:

1. Plaintiffs' Motion for Change of Venue (Doc. No. 14) is denied;

2. Defendants' request for an award of reasonable attorney's fees incurred in responding to the Motion for Change of Venue is denied; and

3. Plaintiffs' request for a monetary award for pursuing their Motion for Change of Venue is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE