IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC D. KRAUS,

      **Plaintiff,**

v.                                            No. CIV 06-1157 RB/DJS

NATIONAL RAILROAD PASSENGER CORP.,

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for a Change of Venue (Doc. 43), filed on January 14, 2008. Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of counsel, relevant law, and being otherwise fully advised, I deny this motion.

**I.    Background.**

Plaintiff brought this action under the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60, to recover damages for bodily injuries sustained while he was employed by Defendant on an Amtrak train in Raton, New Mexico.[1] (Doc. 1, ¶ 5.) Plaintiff has moved to transfer this case from Las Cruces, New Mexico to Albuquerque, New Mexico for trial.[2]

New Mexico constitutes one judicial district. 28 U.S.C.§ 111. Thus, Plaintiff's motion is more properly characterized as a request for an intra-district transfer. Regardless of the nomenclature employed, courts look to the factors developed under 28 U.S.C. § 1404(a)[3] concerning

---

[1] Raton is located about 220 miles north of Albuquerque, New Mexico.

[2] Albuquerque is located about 220 miles north of Las Cruces.

[3] Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

**EXHIBIT D**

venue transfer when determining a motion for intra-district transfer. *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, 464 F.Supp.2d 1095, 1098 (D. Colo. 2006). Those factors include: (1) the plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the accessibility of witnesses and other sources of proof, (4) the possibility of obtaining a fair trial, and (5) all other practical considerations that make a trial easy, expeditious, and economical. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

Plaintiff filed this action in this District's Albuquerque clerk's office. (Doc. 1.) The case was initially assigned to the Honorable Robert H. Scott, an Albuquerque-based United States Magistrate Judge, as the presiding judge pursuant to 28 U.S.C. § 636(c). Upon Defendant's refusal to consent to the exercise of jurisdiction by Judge Scott, (Doc. 7), the case was reassigned to me, a Las Cruces-based United States District Judge. Due to the fact that in that cases from throughout the District are routinely assigned to me on a random basis, the case could have been assigned to me at the outset.

Plaintiff and his medical providers reside in Albuquerque, New Mexico. (Doc. 43, ¶ 2.) Nine of Plaintiff's fourteen witnesses to be called by Plaintiff at trial reside in Albuquerque; two reside in El Paso, Texas; two reside in Indiana; and one resides in Colorado. (Doc. 47-2, Pl. Ex. A.) Eight potential witnesses are located in Albuquerque; two are located in El Paso; two are located in Indiana, one is located in Illinois, one is located in Colorado, and one is located in Florida. (*Id.*) Three of the four attorneys in this case are based in Albuquerque; one is based in Colorado. (*Id.*) No airlines fly into Las Cruces. (*Id.*) Persons traveling by air to Las Cruces must fly into El Paso, located about forty-five miles from Las Cruces. (*Id.*) The convenience of the witnesses militates in favor of holding trial in Albuquerque.

The injury occurred in the baggage car of the train in Raton. Since there is no indication that

a site view would be in order, the distance from the scene of the event is irrelevant. If the trial were held in Las Cruces, however, Plaintiff's medical providers would testify by video deposition rather than in person. (Doc. 47-2, Pl. Ex. A.) While live testimony may be a preferable option, the parties could obtain a fair trial in either locale.

Based on practical considerations, Albuquerque would be a more convenient, and, perhaps, sensible location for the trial. In theory, the trial should be conducted, by me, in Albuquerque. However, as Defendant correctly notes in its response, the heavy criminal docket in Las Cruces precludes me from holding civil trials in Albuquerque. My other option would be to transfer this case to an Albuquerque-based district judge. This alternative is equally unpleasant given my concerns over forum shopping and my reluctance to burden my fellow district judges. Faced with this dilemma, I opt to retain the case on my docket and deny the motion to transfer.

A third alternative may be available to the parties. In the event that the parties are able to agree on a magistrate judge, and that magistrate judge is willing to accept the case for trial in Albuquerque, I would designate such magistrate judge to exercise civil jurisdiction pursuant to 28 U.S.C. § 636(c). Otherwise, I will try the case in Las Cruces as my calendar permits.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for a Change of Venue (Doc. 43), filed on January 14, 2008, is **DENIED**.

_/s/ Robert Brack_
_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**