IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AIMEE BEVAN, as Personal Representative
of the Estate of Desiree Gonzales, deceased,

    Plaintiff,

v.                                                                                     Civ. No. 15-00073 KG/SCY

SANTA FE COUNTY, et al.

    Defendants.

## ORDER

**THIS MATTER** is before the Court on Defendant Unkefer's Motion to Compel (ECF No. 146). Defendant seeks three categories of information: (1) information pertaining to monetary support Janel Gonzales, Julian Baca and Waldo Anaya provided to Desiree Gonzales, as set forth in Interrogatories 5 and 6 (ECF No. 146-2 at 3-4); (2) supplementation of all prior answers to Interrogatories and Requests for Production as set forth in Interrogatory 20 and Request for Production 15 (ECF No. 146-4 at 1-2); and (3) "a copy of any and all agreements between Waldo Anaya and/or Janel Gonzales and/or Julian Baca and/or others pertaining to the distribution of any proceeds received as a result of this litigation" as set forth in Request for Production 16 (ECF No. 146-4 at 2). The Court will grant Defendant's motion with regard to the first category, deny Defendant's motion with regard to the second category, and grant in part and deny in part Defendant's motion with regard to the third category.

### I.  Interrogatories 5 and 6

Defendant argues that the lack of financial support Janel Gonzales (Desiree's mother), Julian Baca (the father identified on Desiree's birth certificate), and Waldo Anaya (Desiree's alleged biological father) provided to Desiree Gonzales two years prior to her death is relevant to the credibility of these witnesses, all of whom may provide information "about Desiree

1

Gonzales." (ECF No. 169 at 2). Essentially, if any of these individuals provide information about Desiree Gonzales, Defendant would like to cross-examine them about how well they actually knew Desiree, given that they allegedly did not even provide their minor daughter financial support. Providing financial support for a child, of course, does not necessarily mean that the provider of the support knows the child well. Nonetheless, this information does have some impeachment value and it is possible that the Court will allow Defendant to pursue such a cross-examination. The Court also agrees with Defendant that this information is relevant to damages. For instance, whether Desiree was on the streets living hand-to-mouth with little familial support before she died could bear on the evaluation of her loss of enjoyment of life. Therefore, within two weeks of the filing date of this order, Plaintiff must fully respond to Interrogatories 5 and 6.

### II. Interrogatory 20 and Request for Production 15

Interrogatory 20 and Request for Production 15 ask Plaintiff to supplement all prior answers to Interrogatories and Requests for Production if the prior answers or responses are no longer accurate or are incomplete, and where new information is available. Plaintiff does not dispute that Federal Rule of Procedure 26(e)(1) requires her to supplement discovery over the course of litigation; Plaintiff must, of course, comply with this rule. (ECF No. 160 at 6). To the extent Defendant's discovery requests require Plaintiff to provide her witness and exhibit lists prior to the court-ordered deadline, however, Plaintiff objects. In his reply, Defendant represents that "[t]he intent of asking Plaintiff to review her prior responses and provide supplementation was not only to avoid surprise at trial, but to determine whether any further discovery was required to adequately prepare for trial." (ECF No. 169 at 5). This representation is inconsistent with Defendant's earlier statement in his motion to compel that the supplementation request

"was served such that responses would be due at the close of discovery . . ..." (ECF No. 146 at 4). By timing the request for supplementation so that responses would arrive at the close of discovery, Defendant limited his ability to obtain further discovery based on these responses.

Defendant does not claim that Plaintiff failed to provide an initial list of the witnesses and exhibits that she might use at trial; instead, he complains that she failed to narrow this list in response to his request to supplement. Essentially, he argues that, in response to his request to supplement, Plaintiff should have been required to provide exhibit and witness lists similar to those she intends to use at trial, but prior to the Court ordered deadline to provide those lists. The Court rejects this argument. Plaintiff represents that she has already provided all supplemental material in her possession in compliance with Rule 26(e)(1) and, except as otherwise described in this Order, the Court is unaware of any information Plaintiff has not yet provided that she is obligated to provide. Therefore, Defendant's motion to compel supplementation is denied.

### III. Request for Production 16

Request for Production 16 asks Plaintiff to provide "a copy of any and all agreements between Waldo Anaya and/or Janel Gonzales and/or Julian Baca and/or others pertaining to the distribution of any proceeds received as a result of this litigation." (ECF No. 146-4 at 2). In reply, Defendant clarifies that he is not seeking the fee agreement portion of the agreement but, rather, is seeking the "distribution agreement between Desiree's three 'parents'." (ECF No. 169 at 6). The Court agrees that, to the extent Waldo Anaya, Janel Gonzales, and Julian Baca have entered into a written agreement regarding the distribution of any proceeds recovered as part of this case that this portion of the agreement is discoverable.

New Mexico's Wrongful Death Act delineates how proceeds from a wrongful death action are to be distributed. *See* NMSA § 41-2-3. Despite this delineation, it appears that Waldo Anaya, Janel Gonzales, and Julian Baca may have entered into an agreement regarding the distribution of any proceeds that are recovered as part of this wrongful death case. Although Plaintiff initially advised Defendant that he was withholding this information on the basis of attorney-client privilege, he has now abandoned that argument. *See* ECF No. 160 at 10 (arguing relevance and concluding that "[t]here is no need to address the attorney-client privilege or any other issue."). The Court finds that any agreement between Waldo Anaya, Janel Gonzales, and Julian Baca, none of whom Plaintiff's counsel indicates he represents, is not protected by an attorney-client privilege. *See Spoon v. Mata*, 2014-NMCA-115, ¶ 9, 338 P.3d 113 ("a statutory beneficiary is not in an attorney/client relationship with the attorney of the personal representative").[1]

Defendant also raises a valid argument that Plaintiff should not be able to prevent the disclosure of information at a deposition by claiming it is privileged and then, when faced with a motion to compel, change course and argue relevance. Regardless of whether Plaintiff should now be able argue that the information sought is irrelevant, however, the Court determines that the information is relevant for purposes of discovery. Waldo Anaya, Janel Gonzales, and Julian Baca are potential witnesses and if they signed an agreement that impacts the possibility of their receiving a financial gain, or the extent of any financial gain they might receive as a result of a verdict in Plaintiff's favor, this information is discoverable. As Defendant argues, if any of these individuals testify, the Court may allow Defendant to impeach their testimony as being colored

---

[1] The Court is aware that when potential beneficiaries to a wrongful death action have competing interests, difficult legal and ethical issues can arise -- particularly when an outside agreement that affects those interests exists. *See Spencer v. Barber*, 2013-NMSC-010, 299 P.3d 388 (2013). Those issues, however, are not currently before the Court.

by the prospect of personal financial gain.  Because Request for Production 16 seeks the entire agreement without limitation to any fee arrangement, the Court will grant in part and deny in part Defendant's motion to compel.  Plaintiff may redact portions of any agreement responsive Request for Production 16 that sets forth the fee agreement with Plaintiff's counsel.  Plaintiff must disclose, however, any agreement between Waldo Anaya, Janel Gonzales, and Julian Baca.[2]

**IT IS THEREFORE ORDERED THAT:**

(1) Defendant's motion to compel with regard to information pertaining to monetary support Janel Gonzales, Julian Baca and Waldo Anaya provided to Desiree Gonzales, as set forth in Interrogatories 5 and 6 (ECF No. 146-2 at 3-4), is granted.  Plaintiff must provide the information at issue within two weeks of the date this Order is filed;

(2) Defendant's motion to compel with regard to supplementation of all prior answers to Interrogatories and Requests for Production, as set forth in Interrogatory 20 and Request for Production 15 (ECF No. 146-4 at 1-2), is denied;

(3)  Defendant's motion to compel with regard to "a copy of any and all agreements between Waldo Anaya and/or Janel Gonzales and/or Julian Baca and/or others pertaining to the distribution of any proceeds received as a result of this litigation," as set forth in Request for Production 16 (ECF No. 146-4 at 2), is granted in part and denied in part.  Specifically, except for the redaction of attorney fee provisions, within two weeks of the date this Order is filed Plaintiff must produce any agreement in her possession that is responsive to Request for Production 16.

Each side shall bear their own costs in connection with this Motion to Compel.

---

[2] The Court notes County Defendant's request to question these witnesses during depositions regarding the agreement. ECF No. 157.  The Court will take this request under advisement and schedule a status conference to discuss the matter once the agreement has been produced.

_____
UNITED STATES MAGISTRATE JUDGE