IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AIMEE BEVAN, as Personal Representative of
the Estate of Desiree Gonzales, deceased,

    Plaintiff,

vs.                                                                   Civ. No. 15-73 KG/SCY

SANTA FE COUNTY, MARK CALDWELL, Warden,
in his official capacity, MARK GALLEGOS,
Deputy Warden/Acting Youth Development Administrator,
in his individual capacity, GABRIEL VALENCIA,
Youth Development Administrator, Individually,
MATTHEW EDMUNDS, Corrections Officer, individually,
JOHN ORTEGA, Corrections Officer, MOLLY ARCHULETA,
Corrections Nurse, Individually, ST. VINCENT HOSPITAL, and
NATHAN PAUL UNKEFER, M.D.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's[1] Motion for Partial Summary Judgment and Memorandum in Support (Motion for Partial Summary Judgment), filed March 14, 2016. (Doc. 145). Santa Fe County Defendants[2] filed a response on April 8, 2016, and Plaintiff filed a reply on May 17, 2016. (Docs. 159 and 178). Having considered the Motion for Partial Summary Judgment, the accompanying briefing, and relevant law, the Court grants the Motion for Partial Summary Judgment.

*A. Background*

It is undisputed that on May 7, 2014, Santa Fe Police officers transported Desiree Gonzales from St. Vincent Hospital's Emergency Department, where she had been treated for a

---

[1] Plaintiff is the personal representative of the estate of Desiree Gonzales.

[2] Santa Fe County Defendants include Santa Fe County, Mark Gallegos, Gabriel Valencia, Matthew Edmunds, John Ortega, and Molly Archuleta.

heroin overdose, to the Santa Fe County Youth Development Center (YDC). It is also undisputed that Gonzales experienced respiratory distress while at YDC and eventually stopped breathing. *See* St. Vincent Emergency Physician Report (Doc. 145-2) at 1, 3, and 4 (Gonzales "would stop breathing & gasp for air," made "gurgling noises," had "difficulty breathing," complained to her mother of chest pain, and finally stopped breathing altogether). It is further undisputed that when Gonzales stopped breathing and became nonresponsive YDC staff called 911. *Id.* at 3-4. Several hours later, Gonzales died at St. Vincent Hospital. *Id.* at 4. The Office of the Medical Investigator determined that the cause of death was "Toxic effects of heroin," and noted that Gonzales' "lungs were heavy and wet (pulmonary edema) with microscopic features of an infection (bronchopneumonia)…." (Doc. 145-4) at 1 and 3.

Pertinent to this Motion for Partial Summary Judgment, Plaintiff sued Santa Fe County Defendants under 42 U.S.C. § 1983. Counts One and Two of the Complaint for Wrongful Death (Complaint) (Doc. 1) at 4-21. Plaintiff bases the Section 1983 claims on the allegation that Santa Fe County Defendants' delay in providing Gonzales with medical care violated her rights under the Eighth and Fourteenth Amendments.

*B. Standard of Review*

Summary judgment is appropriate if the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). A dispute over a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v.*

*Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmoving party's favor. *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013).

*C. Discussion*

Plaintiff moves for summary judgment on one aspect of the Eighth Amendment claims: the need for objective evidence of a serious medical need. A plaintiff may bring an Eighth Amendment claim for cruel and unusual punishment based on "[a] prison official's deliberate indifference to an inmate's serious medical needs…." *Mata v. Saiz*, 427 F.3d 745, 751(10th Cir. 2005). This type of claim "involves both an objective and a subjective component." *Id.* (quoting *Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir. 2000)). The objective component, the component at issue in this Motion for Partial Summary Judgment, requires that the plaintiff produce evidence of a "sufficiently serious" medical need "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quoting *Sealock*, 218 F.3d at 1209). When a plaintiff alleges a delay in medical care, as in this case, the plaintiff must show "that her medical need was objectively sufficiently serious, and that defendants' delay in meeting that need caused her substantial harm." *Id.* at 752. The purpose of the objective component "is to limit claims to significant, as opposed to trivial, suffering…." *Id.* at 753. Plaintiff argues that the objective harm in this case was both the respiratory distress Gonzales suffered and her death, both caused by heroin use.

Santa Fe County Defendants concede that Gonzales' death meets the objective component of an Eighth Amendment claim. *See, e.g., Martinez v. Beggs,* 563 F.3d 1082, 1088-89 (10th Cir. 2009) (agreeing that death meets sufficiently serious harm element of objective

3

component of Eighth Amendment claim). Santa Fe County Defendants, however, argue that the Complaint does not allege respiratory distress as a substantial harm. Contrary to this argument, Plaintiff asserts in the Complaint that Gonzales' "difficulty breathing," "gasping for air," and not breathing were "clear signs of a serious medical condition," but Santa Fe County Defendants did not seek medical aid until Gonzales became unresponsive. (Doc. 1) at 11-14, ¶¶ 58, 59, 60, 62, and 69. One can reasonably infer from the Complaint that Plaintiff alleges that delay in medical care resulted in a substantial harm, i.e., Gonzales ceasing to breathe and becoming unresponsive. Santa Fe County Defendants' argument that Plaintiff failed to allege in her Complaint that respiratory distress was a substantial harm is without merit.

Next, Santa Fe County Defendants assert that respiratory distress is only a symptom of heroin toxicity, and may not, as a matter of law, constitute a sufficiently serious medical need or a substantial harm for the purpose of meeting the objective component of the Eighth Amendment claims. In *Mata v. Saiz*, the Tenth Circuit held that although severe chest pain is a symptom of a heart attack it, nonetheless, "is a serious medical condition under the objective prong of the Eight Amendment's deliberate indifference standard." 427 F.3d at 754. The Tenth Circuit concluded that the plaintiff met the objective component because she "suffered both unnecessary pain and a worsening in her condition—in the form of permanent and irreversible heart damage." *Id.* at 755.

In this case, even viewing the evidence in the light most favorable to Santa Fe County Defendants, no reasonable jury could find that Gonzales' respiratory distress was not a worsening in her condition. Under *Mata*, this worsening in Gonzales's condition can be an objectively and sufficiently serious medical need. In fact, no reasonable jury could find that Gonzales' respiratory distress was either trivial or not "so obvious that even a lay person would

easily recognize the necessity for a doctor's attention." *See Mata*, 427 F.3d at 751 (quoting *Sealock*, 218 F.3d at 1209). Consequently, Gonzales' respiratory distress was a sufficiently serious medical need.

Santa Fe County Defendants also argue that in a medical delay case the substantial harm requirement can only be "satisfied by lifelong handicap, permanent loss, or considerable pain" and not by a symptom like respiratory distress. *Garrett v. Stratman,* 254 F.3d 946, 950 (10th Cir. 2001). The Tenth Circuit recently explained in *Kellum v. Mares* that the relevant question with respect to symptoms in a medical delay case is whether the delay in medical care worsened the inmate's condition by creating a substantial intermediate harm. 657 F. App'x 763, 771 (10th Cir. 2016) ("The relevant question is whether the delay worsened Ms. Kellum's condition, not caused it, and the district court found the delay caused the substantial 'intermediate harm[s]' of worsened infection and unnecessary pain."). *Kellum* does not exclude the possibility that respiratory distress, as a symptom, can be a substantial intermediate harm, which meets the objective component of an Eighth Amendment claim.

Viewing the evidence in the light most favorable to Santa Fe County Defendants, no reasonable jury could find that the delay in providing medical care at YDC did not worsen Gonzales's condition to the point that the delay caused her to finally cease breathing and become unresponsive. No reasonable jury could find that the respiratory distress and eventual unresponsiveness was not a substantial intermediate harm.

*D. Conclusion*

Plaintiff has carried her burden of demonstrating that, as a matter of law, the respiratory distress Gonzales suffered satisfies the objective component of an Eighth Amendment claim.

Plaintiff is, therefore, entitled to summary judgment on the issue of the objective component of her Eighth Amendment claims.

IT IS ORDERED that

1. Plaintiff's Motion for Partial Summary Judgment and Memorandum in Support (Doc. 145) is granted; and

2. summary judgment will be entered in Plaintiff's favor, thereby, establishing that Gonzales' respiratory distress and death meet the objective component of Plaintiff's Eighth Amendment claims.

_____
UNITED STATES DISTRICT JUDGE