IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AIMEE BEVAN, as Personal Representative
of the Estate of Desiree Gonzales, deceased,

    Plaintiff,

    vs.                                        Civ. No. 15-0073 KG/SCY

GABRIEL VALENCIA, Youth Development
Admin., Individually; MATTHEW EDMUNDS,
Corrections Officer, Individually; JOHN
ORTEGA, Corrections Officer, Individually;
MOLLY ARCHULETA, Corrections Nurse,
Individually; and NATHAN PAUL UNKEFER, M.D.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the County Individual's Motion in Limine to Exclude Testimony of Plaintiff's Proffered Liability Experts Andrea Wiseman [sic], Ph.D. and Michael Cohen, M.D., filed July 13, 2018. (Doc. 280). Defendant Nathan Paul Unkefer, M.D. joins in the motion. (Doc. 285). Plaintiff filed a response to the motion on August 2, 2018. (Doc. 294). The Court also heard argument on the motion on August 29, 2018. Having considered the motion, the response, and the argument of counsel, the Court grants this motion in limine as described herein.

*A. The Motion*

County Individuals move to exclude the testimony of Plaintiff's experts Dr. Andrea Weisman, Ph.D., a psychologist, and Dr. Michael Cohen, M.D. County Individuals contend that their testimony focuses on whether the Santa Fe Youth Development Program (YDP) and its staff conformed to policies and internal standards of a national accreditation entity.

### *1. Argument that Expert Testimony is Unnecessary and Unhelpful*

First, County Individuals argue that the expert testimony is unnecessary and unhelpful because the factual issues for trial concern the state of mind of the four individual County Defendants, i.e., whether those individuals were deliberately indifferent to Desiree Gonzales' medical needs and, therefore, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.[1]  In fact, the Court, in ruling on motions for summary judgment, concluded that expert testimony is not required to establish deliberate indifference to medical needs.  *See* (Doc. 220) at 4; (Doc. 222) at 8.  *See also Powell v. Shah*, 618 F. App'x 292, 296 (7th Cir. 2015) (holding that where "the only issue in this case was whether the doctors had a 'sufficiently culpable state of mind' … the court accurately recognized [it] as a subjective inquiry that did not require an expert….") (citations omitted); *Campbell v. Sikes,* 169 F.3d 1353, 1371 n. 22 (11th Cir.1999) (finding that expert's affidavit does not support finding of deliberate indifference, which is subjective inquiry).

County Individuals also note that the Tenth Circuit "has consistently held that the violation of police regulations is insufficient to ground a § 1983 action for excessive force." *Tanberg v. Sholtis*, 401 F.3d 1151, 1163 (10th Cir. 2005).  In the excessive force context, this Court has concluded that evidence of officers not following standard operating procedures (SOPs) and police training is not relevant to a Fourth Amendment claim and is excludable under Fed. R. Evid. 402.  *Mata v. City of Farmington*, 798 F. Supp. 2d 1215, 1234-35 (D.N.M. 2011).  County Individuals contend that this precept applies equally to barring evidence of procedures

---

[1] The Court ruled at the August 30, 2018, pretrial conference that the appropriate constitutional provision is the Fourteenth Amendment's due process clause, not the Eighth Amendment's prohibition against cruel and unusual punishment.  The Court notes that the standard and elements are the same under the Fourteenth Amendment's due process clause and the Eighth Amendment.

2

and national standards for violations of other constitutional rights. County Individuals cite *W.K. v. Howie* wherein Judge Johnson held in a non-excessive force lawsuit that "Plaintiff may not rely on SOP's as a means to establish or prove a constitutional violation and will not be considered here." 2016 WL 9777158, at *5 (D.N.M.) (case involving two police officers who removed a child from plaintiff's home, and claims included (1) unreasonable seizure under the Fourth Amendment, (2) violations of substantive and procedural due process under the Fourteenth Amendment, and (3) a violation of the right to familial association under the First Amendment).

County Individuals further argue that experts cannot define the law of the case by testifying to violations of procedures. The Tenth Circuit has held

> an expert's testimony is proper under Rule 702 if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function. However, when the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed. In no instance can a witness be permitted to define the law of the case.

*Specht v. Jensen*, 853 F.2d 805, 809–10 (10th Cir. 1988). "Expert testimony on legal issues crosses the line between the permissible and impermissible when it 'attempt[s] to define the legal parameters within which the jury *must* exercise its fact-finding function.'" *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1246 (10th Cir. 2000) (quoting *id.* at 809–10) (emphasis added)). In other words, an expert cannot opine as to legal conclusions. *United States v. Littlejohn*, 2009 WL 5065559, at *3 (W.D. Okla.). Moreover, an expert cannot be a "mere mouthpiece for the expression of [a party's] version of events." *Id.* at *5.

Finally, an expert cannot "vouch for the credibility of another witness…." *United States v. Adams*, 271 F.3d 1236, 1245 (10th Cir. 2001). Such testimony is not helpful to a jury and

3

"encroaches upon the jury's vital and exclusive function to make credibility determinations…."
*Id.*

### 2. Argument that Expert Testimony on Objective Standards has no Relevance to Remaining Issues of Fact

First, County Individuals note that Drs. Weisman and Cohen both contend in their reports that YDP did not follow certain internal policies based on standards of a national accreditation entity. In that sense, the reports are overlapping.

Second, County Individuals argue that by presenting industry standards and how to apply those standards, Drs. Wiseman and Cohen are establishing an objective standard of care to which a youth detention facility must adhere to avoid being found negligent. Defendant Santa Fe County, however, is no longer a Defendant so such an objective standard of care is inapplicable to the County. An objective standard of care also does not apply to the County Individuals, who are under a subjective deliberate indifference test.

County Individuals acknowledge that Plaintiff may offer evidence that an individual violated an internal policy in order to show that such conduct is consistent with deliberate indifference. County Individuals argue that an expert is not necessary for that purpose. Rather, Plaintiff can present the policy and the policy violation by the individual, then argue deliberate indifference. County Individuals note that the YDP internal policies are in plain English.

County Individuals further argue that testimony regarding national standards does not address the subjective intent of the County Individuals and would inappropriately focus the jury on a negligence standard. In addition, Drs. Weisman and Cohen have no expertise on subjective intent.

Finally, County Individuals note that Dr. Cohen criticized the initiation of CPR and lack of a defibrillator, but that they did not opine that these issues of alleged negligence in

resuscitating Gonzales would have made a difference in the ultimate outcome. Consequently, County Individuals argue that such testimony is not relevant.

### 3. Argument that Testimony on Procedures and Training with Respect to Constitutional Claims are Inadmissible under Fed. R. Evid. 403

County Individuals note that in the excessive force context the Tenth Circuit has found evidence of SOPs to constitute a "time-consuming detour through a tangential and tendentious issue…." *Tanberg*, 401 F.3d at 1164-65. In addition, the Tenth Circuit, in that context, has held that "[i]f courts treated these administrative standards as evidence of constitutional violations in damages actions under § 1983, this would create a disincentive to adopt progressive standards." *Id.* at 1164.

> Judge Browning, in an excessive force case, also concluded
>
> [T]he possibility that an inquiry into SOPs will have a prejudicial effect is substantial. The relevance of an officer's failure to follow a SOP, in any instance, may only be demonstrated by explaining what a SOP is, when it applies, and how it applies in a particular context. The jury could only weigh whether an Individual Defendants' failure to properly document the incident in accordance with SOPs through testimony regarding the details and applicability of a particular SOP. The Tenth Circuit has expressed distaste for the additional information that is required to make a SOP relevant….

*Solis-Marrufo v. Bd. of Comm'rs for Cty. of Bernalillo*, 2013 WL 1658278, at *19 (D.N.M.) (citing *Tanberg*, 401 F.3d at 1164-65). Judge Browning further concluded,

> In this Circuit, … SOPs should probably, with the Tenth Circuit's expansive rationale, be left out, and it probably does not matter to what the SOPs relate. The Tenth Circuit appears hostile to their use at all.

*Solis-Marrufo*, Civ. No. 11-107 JB/KBM, (Doc. 246) at 36.

County Individuals contend that the same rationale applies here in that testimony on policies and procedures will distract the jury from the deliberate indifference standard and inappropriately inject negligence back into the lawsuit against the County Individuals. County

5

Individuals further contend that direct and cross examination of Plaintiff's experts will take most of a full trial day, and that Defendants will have to present rebuttal testimony.

## B. *Plaintiff's Response*

Plaintiff contends that the testimony by Drs. Weisman and/or Cohen is relevant to "issues of subjective deliberate indifference and punitive damages." Plaintiff also maintains that if the Court excludes the expert testimony from Drs. Weisman and Cohen, then "the Court should strike all experts who have been designated to provide such testimony, including Defendants' experts." (Doc. 294) at 2. Those experts are Lori Roscoe (nursing expert) and Tim Gravette who would testify whether County Individuals complied with the standard of care (Plaintiff notes that their testimony includes conclusory statements going to the "ultimate issue for the factfinder" and are self-serving).

### *1. Argument that Expert Testimony is Relevant to Deliberate Indifference*

First, Plaintiff argues that the SOPs expert testimony is relevant to deliberate indifference. First, Plaintiff notes that County Individuals cite excessive force cases which are not instructive in this deliberate indifference to medical needs case. Plaintiff argues that, assuming County Individuals were aware and trained on SOPs, explaining those SOPs will help the jury understand if the County Individuals' inaction rose to the level of subjective deliberate indifference. As to Nurse Archuleta, Plaintiff contends that Dr. Cohen could testify about jail medical protocols in place at YDP and Desiree Gonzales' symptoms, which Plaintiff asserts are relevant to whether a nurse was subjectively and deliberately indifferent.

Indeed, "plaintiffs necessarily must use circumstantial evidence to establish subjective mental intent," although "expert opinion testimony is not essential to that task." *Campbell v. Sikes*, 169 F.3d 1353, 1372 (11th Cir. 1999). The subjective mental intent standard requires a jury to "inquire (1) whether [defendant] was aware of facts about Plaintiff from which he could

draw the inference that his present course of treatment presented a substantial risk of serious harm to Plaintiff and (2) whether he actually drew that inference but persisted in the course of treatment anyway." *Id.* at 1370. In *Campbell*, the Court found that "Plaintiff's experts' testimony here at best allows an inference by the jury that a doctor should have perceived the risk of serious harm but not an inference that the doctor actually did perceive the risk and persisted in his course of treatment anyway." *Id.* at 1371. As such, the Court in deciding a motion for summary judgment held that "Plaintiff has not presented sufficient direct or circumstantial evidence to create a factual issue regarding [defendant's] subjective mental intent and the experts' opinion testimony here does not provide the missing link…." *Id.* at 1372.

Plaintiff also cites *King v. Patt*, 525 F. App'x 713, 722 (10th Cir. 2013), for the proposition that the defendants in that case argued that expert testimony was necessary in a deliberate indifference case. The Court held that expert testimony may be necessary in some cases when "the effects of [medical] delay may be so subtle or complex that a lay jury cannot adequately determine the issue of causation without expert assistance." Here, Plaintiff apparently seeks expert testimony to establish subjective intent, not causation.

In addition, Plaintiff cites *Pearson v. Prison Health Serv.*, 850 F.3d 526, 536 (3d Cir. 2017), in which the Third Circuit explained:

> medical expert testimony may be necessary to establish deliberate indifference in an adequacy of care claim where, as laymen, the jury would not be in a position to determine that the particular treatment or diagnosis fell below a professional standard of care. As is the case with evaluating whether the prisoner is suffering from a serious medical need, evaluating whether medical treatment is adequate presents an objective question typically beyond the competence of a non-medical professional. Likewise, it makes sense to require a prisoner to offer extrinsic proof regarding the quality of medical care in adequacy of care cases when, to defeat our presumption that the medical care provided to him or her was adequate, the *prisoner must show that the medical official did not exercise professional judgment.*

7

*Id.* (emphasis added by Plaintiff). Nonetheless, the Third Circuit was clear that the first prong in an inadequate medical care case "is the adequacy of the medical care—an objective inquiry where expert testimony could be helpful to the jury. The second is the individual defendant's state of mind—a subjective inquiry that can be proven circumstantially without expert testimony." *Id.*

In the case of prison health care gatekeepers, the Tenth Circuit has held: "While published requirements for health care do not create constitutional rights, such protocols certainly provide circumstantial evidence that a prison health care gatekeeper knew of a substantial risk of serious harm." *Mata v. Saiz*, 427 F.3d 745, 757 (10th Cir. 2005).

In sum, Plaintiff contends that expert testimony is necessary to demonstrate how County Individuals' training and the facts in this case, groggy eyes and altered mental state in conjunction with a heroin overdose, would have affected a perceived risk of serious harm.

### *2. Argument that Expert Testimony is Relevant to Punitive Damages*

In Section 1983 cases, punitive damages may be awarded for "callous indifference." *Smith v. Wade*, 461 U.S. 30, 56 (1983) ("jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others").

Plaintiff argues that a trained guard who ignores the medical significance of breathing problems could be considered callously indifferent. A trained "nurse, who has specific medical knowledge of the severity of the described symptoms in this case would also be so culpable." (Doc. 294) at 4. Plaintiff contends that expert evidence going to the standards of care and training, therefore, would be relevant to punitive damages.

8

### 3. *Argument that Expert Testimony is not Unfairly Prejudicial*

Plaintiff asserts that testimony about objective observations regarding standards and failure to follow standards has probative value which is not "substantially outweighed by a danger of … unfair prejudice" under Rule 403. Such evidence, according to Plaintiff, will not lead to an improper verdict or one based on jury "confusion, passion, or emotion." *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 (10th Cir. 2001).

Plaintiff notes that Judge Browning in *Solis-Marrrufo* admitted that SOPs can "inform reasonableness, even if they do not define reasonableness" in the products liability context. *Solis-Marrufo*, 2013 WL 1658278, at *20.

### C. Discussion

Whether any of the County Individuals were aware of applicable SOPs and national accreditation standards, and, nonetheless, violated those SOPs can constitute circumstantial evidence relevant to whether any of the County Individuals acted with deliberate indifference to Desiree Gonzales' medical condition. Expert testimony on the SOPs or national accreditation standards, however, is not helpful to the jury in its determination of whether the County Individuals acted with deliberate indifference in violation of Desiree Gonzales' constitutional rights under Section 1983. *See Powell*, 618 F. App'x at 296 (holding that where "the only issue in this case was whether the doctors had a 'sufficiently culpable state of mind' … the court accurately recognized [it] as a subjective inquiry that did not require an expert….") (citations omitted); *Campbell,* 169 F.3d at 1371 n. 22 (finding that expert's affidavit does not support finding of deliberate indifference, which is subjective inquiry). Hence, the Court will grant the motion as to any expert testimony by Drs. Weisman and Cohen on whether the County

Individuals conformed to SOPs and national accreditation standards and, thus, acted with deliberate indifference.

With respect to punitive damages, "[a] finding of deliberate indifference to a serious medical need, while establishing liability under § 1983, does not necessitate a finding of callous indifference warranting punitive damages." *Coleman v. Rahija*, 114 F.3d 778, 787 (8th Cir. 1997). Considering the separate issue of punitive damages, the Court determines that evidence of SOPs and national accreditation standards would be helpful to a jury in understanding whether the County Individuals knowingly acted with callous indifference sufficient to warrant punitive damages. Nevertheless, a finding of "callous indifference," like a finding of "deliberate indifference," entails a subjective inquiry that does not require expert testimony. The Court, thus, will grant the motion as to any expert testimony by Drs. Weisman and Cohen on whether the County Individuals conformed to SOPs and national accreditation standards and, therefore, acted with callous indifference.

IT IS ORDERED that County Individual's Motion in Limine to Exclude Testimony of Plaintiff's Proffered Liability Experts Andrea Wiseman [sic], Ph.D. and Michael Cohen, M.D. (Doc. 280) is granted in that Drs. Weisman and Cohen are not allowed to give expert testimony on SOPs and national accreditation standards for the purpose of establishing deliberate indifference or callous indifference.

_____
UNITED STATES DISTRICT JUDGE