IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AIMEE BEVAN, as Personal Representative
of the Estate of Desiree Gonzales, deceased,

        Plaintiff,

vs.                                                            Civ. No. 15-0073 KG/SCY

GABRIEL VALENCIA, Youth Development
Admin., Individually; MATTHEW EDMUNDS,
Corrections Officer, Individually; JOHN
ORTEGA, Corrections Officer, Individually;
MOLLY ARCHULETA, Corrections Nurse,
Individually; ST. VINCENT HOSPITAL; and
NATHAN PAUL UNKEFER, M.D.,

        Defendants.

## ORDER ON MOTIONS IN LIMINE TAKEN UNDER ADVISEMENT

On August 29, 2018, the Court heard argument on numerous motions in limine, some of which the Court took under advisement. *See* (Doc.370). Lee Hunt represented Plaintiff at the hearing while Mark Komer represented County Defendants, Steven Gonzales represented Defendant Molly Archuleta, and Thomas Mack and Jason Yamato represented Defendant Nathan Paul Unkefer, M.D.

Having reviewed the motions in limine which the Court took under advisement, the responses to those motions, the argument of counsel at the August 29, 2018, hearing, the Court ORDERS as follows:

1.    *Nathan Unkefer, M.D.'s Motion In Limine to Bar Questions to Dr. Unkefer Regarding Learning Treatises (Doc. 259)*, filed July 10, 2018, is denied without prejudice to raising the motion at trial;

2.    *(a) Nathan Paul Unkefer M.D.'s Motion in Limine to Bar Testimony Interpreting Video Surveillance (Doc. 261), filed July 10, 2018;*

*(b) St. Vincent's Motion in Limine to Bar Testimony Regarding Video Surveillance (Doc. 266), filed July 10, 2018; and*

*(c) County Individual's Motion in Limine Concerning Expert Testimony About Video Evidence (Doc. 279), filed July 13, 2018.*

The Court grants, in part, these three motions to the extent that Plaintiff cannot elicit expert testimony interpreting or explaining the surveillance video while simultaneously playing the surveillance video. Plaintiff's experts, however, can testify as to whether they viewed the surveillance video and to what in the surveillance video informed their expert opinions. The Court further denies the motions without prejudice to raising these motions at trial as they may relate to lay opinion testimony under Fed. R. Evid. 701(b).

3. *Defendant St. Vincent Hospital's Motion in Limine Regarding Discrete Trial Evidentiary Issues (Doc. 262),* filed July 10, 2018.

   The Court has already granted the motion as to references to the "conscience of the community." To the extent necessary, the Court denies the remainder of the motion without prejudice to raising the motion at trial.

4. *Defendant St. Vincent Hospital's Motion In Limine to Exclude Testimony Concerning Other Providers and Subsequent Admission (Doc. 267)*, filed July 10, 2018, is granted, in part, in that Plaintiff may only elicit testimony and other evidence relevant to the claims against Defendant Unkefer arising from Desiree Gonzales' second admission to St. Vincent Hospital on May 8, 2014.

5. *Plaintiff's Motion in Limine to Exclude Evidence and Argument Regarding Desiree Gonzales's Parents' Actions After Her Death (Doc. 274)*, filed July 13, 2018, is granted, in part, as follows:

   First, only Janel Gonzales may testify regarding the agreement to divide the proceeds from this lawsuit, if she has personal knowledge of the agreement.

   Second, testimony and evidence related to the state personal representative litigation is excluded.

   Third, social media posts made after Desiree Gonzales' death are excluded.

   Fourth, as to Plaintiff's request to exclude evidence of Waldo Anaya's actions regarding the GoFundMe fund, the Court denies that part of the motion without prejudice to raising it at trial.

6. *Plaintiff's Motion in Limine to Exclude Identification of Beneficiaries (Doc. 281)*, filed July 13, 2018, is denied.

7. *Plaintiff's Motion in Limine to Limit the Testimony of Gary M. Vilke, M.D. (Doc. 275)*, filed July 13, 2018, is denied without prejudice to raising the motion at trial.

8. *Plaintiff's Motion in Limine to Exclude Defendant Nathan Paul Unkefer's Testimony on Cause of Death (Doc. 276)*, filed July 13, 2018, is denied without prejudice to raising the motion at trial.

9. *Plaintiff's Motion in Limine to Exclude Evidence and Argument Regarding Desiree Gonzales's Alleged Sexual Abuse and CYFD Allegations (Doc. 282)*, filed July 15, 2018.

    The Court already excluded references to sexual abuse and now excludes references to CYFD allegations. *See* (Doc. 370).

10. *County Individual's Motion for Clarification Concerning Cheryl Wills, M.D. (Doc. 293)*, filed August 1, 2018, is granted, in part, in that Wills may testify as a summary witness as follows:

    a. Wills' summary testimony is limited to the two years preceding Desiree Gonzales' death;

    b. Wills cannot reference sexual abuse or CYFD allegations and determinations;

    c. Wills may testify only about Desiree Gonzales' substance abuse history, places of residence, and school attendance history; and

    d. Wills may testify about Desiree Gonzales's arrest history, specifically arrest dates, alleged and adjudicated delinquencies, and resulting custodial and probationary sentences.

    The Court reserves judgment on the admissibility of Wills' testimony, which is subject to proper authentication and admissibility under the Federal Rules of Evidence.

_____
UNITED STATES DISTRICT JUDGE